WILLIAM MAFFLYN & others *vs.* THOMAS M. HATHAWAY & others.

Upon the dissolution of a firm, J. S., one of the partners, released to the others all his interest in the assets, and they then set off to him, on account of his interest therein, certain merchandise under a stipulation that if it was "more than his due, he should return merchandise," meaning the same merchandise, "for the amount he had taken over; or if any balance was due to him, he was to take merchandise," meaning such as he might choose to select from the old stock, "for the amount." *Held*, that the stipulation was not a condition; and that the title of a third person, to whom J. S., with the full knowledge and assent of his former partners, transferred the merchandise thus set off to him, was valid.

REPLEVIN of a lot of buttons, braid, and other goods of like description, by William Mafflyn, William Faxon and James C. Elms, formerly partners with Thomas M. Hathaway under the firm of Mafflyn & Hathaway, against said Hathaway, Joseph B.

R. Pettee, and Varnum H. Holt, partners under the firm of Hath away, Pettee & Holt. Hathaway died, pending the suit. The case was referred to an auditor. At the trial in the superior court the auditor's report was put in evidence ; and *Pitman, J.,* directed a verdict for the defendants, and made a report of the evidence and his rulings, the substance of which appears in the opinion.

*E. Avery,* (*N. St. J. Green* with him,) for the plaintiffs.

*J. D. Ball,* for the defendants.

WELLS, J. We discover no ground upon which this action can be maintained.

It is brought to recover property which once belonged to the copartnership of Mafflyn & Hathaway, composed of the plaintiffs and the defendant Hathaway. It appears from the auditor's report, that, upon the dissolution of that firm, the property in controversy, with other property, was set out to and received by Hathaway, on account of his share in the partnership assets. The plaintiffs contend that it was a conditional transfer, to be defeated, in whole or in part, if, upon the ultimate settlement of the partnership affairs, it should be found that Hathaway had received more than his due share. The terms in which this alleged condition is expressed, according to the proofs offered by the plaintiffs, are, that in case it should be finally ascertained that he, Hathaway, " had taken more than was his due, he should return merchandise (meaning the same merchandise) for the amount he had taken over ; or if any balance was due him he was to take merchandise (meaning such as he chose to select of the old stock) for the amount." The property thus set out to Hathaway was immediately made over by him to the new firm, composed of the three original defendants in this suit, being put in as a part of his capital in that firm. This was done with the full knowledge of the plaintiffs, and without notice to Pettee and Holt, the other copartners, of any restriction upon the authority and right of Hathaway so to dispose of the property.

Upon this statement alone, more than one conclusive answer to the claim of the plaintiffs might be made. But the plaintiffs contend that, in fact, by the terms of settlement of the affairs of

Mafflyn & Hathaway, as agreed on between the partners, the interest of Hathaway in the whole stock was first released by him to the plaintiffs, or to Mafflyn; and then a part transferred by the plaintiffs to Hathaway by a sale upon the condition above set forth.

As the verdict for the defendants was rendered by direction of the court, the plaintiffs are entitled to the benefit of every inference in their favor which could properly be drawn by a jury. We cannot say that the facts reported by the auditor, in regard to the settlement of the affairs of Mafflyn & Hathaway, would not justify the inference for which the plaintiffs contend. · The single question presented, then, is whether the proviso or qualification accompanying the sale to Hathaway prevented the title from passing to him.

In the opinion of the court, the terms of the proviso are incapable of any construction which will accomplish that result. It did not contemplate an entire defeat of title, but only a return of such an amount of the goods as should be found to be in excess of Hathaway's proper share. No specific part of the goods transferred to Hathaway were to be restored; the condition would be satisfied by the return of any of them to the requisite amount. On the other hand, any deficiency was to be made up in like manner, by merchandise. That is to say, the final correction of the assumed amount of Hathaway's share was to be made in merchandise instead of cash. It is impossible to construe such a stipulation as a condition, or to give it that effect.

The title to the goods passed to Hathaway, and from him to the defendants; and they are entitled to judgment for a return, with their damages. As no question is stated in the reservation in regard to the return, we can give no directions. The case will stand for further proceedings in the superior court according to the order of that court. *Ordered accordingly.*